Oket, C. J.
In The State v. Hipp, ante, 199, we held the act in question to be, in effect, a license law, and hence in conflict with the section of the constitution which provides, that “ no license to traffic in intoxicating liquors shall hereafter be granted in this state.”
The further question is now presented, whether one who *320 has paid, under protest, money into the county treasury, in pursuance of the requirements of the act, may maintain an action against the treasurer to recover it back. Considered without regard to the decisions of this court in relation to actions of this character, the proposition thus presented for our determination is one of difficulty. The cases upon the subject are not in harmony (2 Dillon’s Mun. Corp. [3d. ed.] §§ 939, 947; 7 Wait’s Act. & Def. 403; Roscoe’s N. P. Ev. [14ed.] 554; Cooley on Taxation, 565, et seq.), but we are relieved from any extended examination of them. Baker v. Cincinnati, 11 Ohio St. 534, is direct authority that this action may be maintained, and that case is in harmony with Stephan v. Daniels, 27 Ohio St. 527, where the subject is fully considered. And the principle here asserted seems to be just. Indeed, it would be difficult to find substantial reason for holding that one who observed the forms of the statute by paying money into the treasury, should be left in a worse condition than one who treated the act at all times as a mere nuliity.
If the facts are as stated in the petition, the plaintiff is entitled to recover. The judgment will be reversed, the demurrer to the petition overruled, and the cause remanded to 'the court of common pleas for further proceedings.